**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**STANDARD FORGE AND AXLE COMPANY, Inc., Respondent.**

**No. 27161**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

May 21, 1970.

John Bacheller, Jr., C. Lash Harrison, William W. Alexander, Jr., Atlanta, Ga., for respondent.

## ON PETITION FOR REHEARING

Before THORNBERRY and MORGAN, Circuit Judges.*

PER CURIAM:

Petitioner Standard Forge and Axle Company calls attention to the fact that this Court did not address itself to the question of the legality of two Company publications, directed toward employees, in our previous opinion. We now do so.

The Company distributed two pre-election publications along with the letter of February 9, 1967. One publication was entitled "An Important Message for You." Inside, there were reproductions of newspaper articles depicting strike violence along with statements reading: "Innocent People Suffer Most," "No Value on Human Lives," "Weeks Without Pay," "Investigation," "Double Cross" and "Thousands Idled." The other pamphlet was entitled "What The Union Can Do For You" and contained only blank pages.

We agree with petitioner that neither of these two publications can be raised to the level of an 8(a) (1) violation. The publication entitled "An Important Message For You" is permissible, though strong propaganda. There is no indication that the events depicted were not true or misrepresented. This publication is nothing more than a pessimistic prediction of what the employer thought unionism would lead to. Such predictions, within limits, are allowable. Southwire Company v. N.L.R.B., 5th Cir. 1967, 383 F.2d 235. The pamphlet entitled "What The Union Can Do For You" was nothing more than a comic attempt at propaganda. Therefore, in regard to these and like publications the Board's order to cease and desist does not apply.

Marcel Mallet-Prevost, Asst. General Counsel, N.L.R.B., Washington, D. C., John F. LeBus, Director, Region 15, N.L.R.B., New Orleans, La., for petitioner.

---

* Judge Carswell participated in the original decision but did not take part in the denial of this petition for rehearing.

**346**

■ Likewise, the petitioner's argument that the Board's cease and desist order is too broad is well taken. The Board order calls for the Company to cease violations of the Act "in any other manner." As in Southwire Company v. N.L.R.B., *supra*, the record does not warrant such prohibition of future conduct. We therefore limit the Board's Order to cease and desist to conduct of a "like or related manner" to that previously found to be violative of the Act.

The other points raised by petitioner do not merit reconsideration. Therefore, it is ordered that the petition for rehearing filed in the above entitled and numbered cause be and the same is hereby denied.