**SHELL OIL COMPANY, Petitioner-Cross Respondent,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent-Cross Petitioner.**

**No. 76–4234**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Oct. 27, 1977.

Rehearing Denied Dec. 19, 1977.

Lawrence J. Molony, Alvin B. Gibson, Atty., Shell Oil Co., New Orleans, La., for petitioner-cross respondent.

Elliott Moore, Deputy Associate Gen. Counsel, John S. Irving, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Carl L. Taylor, Associate Gen. Counsel, Kenneth B. Hipp, Supervisor, Neil Jacobs, Atty., N.L.R.B., Washington, D.C., for N.L.R.B.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

**PER CURIAM:**

Shell Oil Company petitions this Court to review an order of the National Labor Relations Board finding that petitioner had violated § 8(a)(1) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1) (1970), when it discharged two offshore employees. The Board responds and asserts its cross-application for enforcement of the order.

The evidence makes it clear that the discharged employees, Bodin and Reeves, had been instrumental in assembling fellow workers on an offshore platform for the purpose of meeting with a maintenance foreman and other supervisory personnel to present complaints and grievances about working conditions. The Administrative Law Judge found that this activity on the part of the two discharged employees was the reason petitioner discharged them.

Petitioner contends that Bodin and Reeves were not discharged for their activities in arranging for collective presentation of grievances. Petitioner offered to show that, on the evening prior to the "grievance meeting" they had reported to a black co-employee that Supervisor Talley had referred to him in a racially prejudicial manner calculated to produce resentment. Petitioner contended that this action, stirring up racial conflict among employees and supervisory personnel required to work for long periods of time in the confined environment of the offshore platform, was sufficient justification for discharging those guilty of such conduct.

The Administrative Law Judge, after full hearing, concluded that the two were discharged because they had convened the grievance meeting and specifically found that the reason for the discharge was not the reason put forth by petitioner.

While it does appear that Bodin and Reeves reported to the black employee that he had been referred to by the supervisor in a racially derogatory manner, the ALJ concluded from all the evidence that such a report was true and that the report was not the basis for the discharge.

The evidence was in sharp dispute, but there was substantial evidence to support the findings of the Administrative Law Judge. Petitioner took exception to those findings to the National Labor Relations Board which sustained them.

There being a conflict in the evidence the Administrative Law Judge's findings and conclusions being supported by substantial, although not compelling, evidence and the same having been accepted by and made the order of the NLRB, this Court will not set them aside. 29 U.S.C. § 160(e) (1970); *N.L.R.B. v. Standard Forge and Axle Company, Inc.*, 420 F.2d 508 (5th Cir. 1969), *rehearing denied*, 427 F.2d 344, *cert. denied*, 400 U.S. 903, 91 S.Ct. 140, 27 L.Ed.2d 140 (1970).

Petitioner also urges that it did not receive a full and complete review of its 19 exceptions to the ALJ's findings of fact and legal conclusions by the NLRB. While the Board's order was cryptic, petitioner has failed to show that the review by the Board was less than required.

Accordingly, the order of the National Labor Relations Board is

ENFORCED.